The Honorable Walter C. Heinrich Sheriff Hillsborough County
QUESTIONS:
1. Does a special deputy appointed pursuant to s. 30.09(4)(d), F.S., as a part-time correctional officer without the power of arrest have to meet the police standards and training requirements of a regular law enforcement officer?
2. Does the enactment of Senate Bill 442, ch. 79-246, Laws of Florida, during the 1979 regular session of the Legislature pertaining to parking regulation and enforcement constitute a violation of s. 6, Art. III, State Const., since this law significantly affected classes of special deputies not properly connected to the enforcement or regulation of parking of motor vehicles?
SUMMARY:
In light of the clear statutory provisions contained in s.30.09(4)(d), F.S. 1979, and ss. 943.10(1), 943.10(7), F.S. (1980 Supp.), a special deputy appointed in connection with guarding or transporting prisoners without the power of arrest and who is not expected to perform duties of a full-time, part-time, or auxiliary law enforcement officer need not meet the minimum requirements of the Police Standards and Training Commission.
AS TO QUESTION 1:
Question 1 is answered in the negative. This is to say that a special deputy appointed pursuant to s. 30.09(4)(d), F.S., as a part-time correctional officer without the power of arrest and who is not expected to perform duties of a full-time, part-time or auxiliary law enforcement officer does not have to meet the minimum police standards and training requirements of a regular, part-time, or auxiliary law enforcement officer provided for in ch. 943, F.S. In reaching this conclusion the provisions of ss.30.09(4), 943.10(1) and 943.10(7), must be read and construed inpari materia. In order to construe these sections correctly it is necessary to first determine whether the appointment of the special deputy is with or without the power of arrest as the granting or nongranting of this power is determinative of the question of whether the appointee must meet the minimum qualifications of police standards and training.
It is clear that s. 30.09(4)(d), F.S., refers specifically to an appointment without power of arrest. However, the main body of this same statute (s. 30.09(4), F.S.), grants the appointing sheriff the authority to appoint the special deputy with the powerof arrest, and specifically provides:
 The appointment of any such special deputy sheriff in any such circumstance, except with respect to paragraph (g), may be made with full powers of arrest whenever the sheriff shall deem such appointment reasonable and necessary in the execution of the duties of his office. Except under circumstances described in paragraphs (a), (e), (f), and (g), the appointees shall possess at least the minimum requirements established for police and law enforcement officers by the Police Standards and Training Commission. . . . (Emphasis supplied.)
and requires that appointments made under the circumstances described in paragraphs (b), (c), and (d), of s. 30.09(4), F.S.,with the power of arrest must meet the minimum requirements of the Police Standards and Training Commission.
To come under the minimum standards of the Police Standards and Training Commission, ss. 943.10-943.25, F.S. (1980 Supp.), the officer must fall within the definitions of a `law enforcement officer' (s. 943.10(1)); a `part-time law enforcement officer' (s.943.10(4)); or an `auxiliary law enforcement officer' (s.943.10(5)), which are all predicated upon and include the power of arrest. The definition of `law enforcement officer' (s.943.10(1)), specifically excludes `support personnel' and s.943.10(7), F.S. (1980 Supp.), defines `support personnel' as:
 `Support personnel' means any person employed or appointed by an employing agency, but who is not vested with power of arrest or otherwise expected to perform duties of a full-time, part-time, or auxiliary law enforcement officer.
It, therefore, must follow that when a special deputy is appointed for temporary duties in connection with the guarding or transporting of prisoners and is not expected to perform the duties of a full-time, part-time, or auxiliary law enforcement officer, and is appointed without the power of arrest, that said appointee need not meet the minimum requirement of the Police Standards and Training Commission. Likewise, where a special deputy is appointed for temporary duty in connection with guarding or transporting prisoners, s. 30.09(4)(d); to perform undercover investigative work, s. 30.09(4)(b); or for specific guard or police duty in connection with public sporting or entertainment events, not to exceed 30 days; or for watchman or guard duties, when serving in such capacity at specified locations or areas only, s. 30.09(4)(c), and such appointment is with arrest powers
then such appointee must meet the minimum requirements established for police and law enforcement officers by the Police Standards and Training Commission.
AS TO QUESTION 2:
Your second question asks for a determination of the constitutional validity of ch. 79-246, Laws of Florida, because of an unspecified alleged violation of s. 6, Art. III, State Const. Even if a constitutional violation has been specified, it is the longstanding policy of this office not to issue opinion upon the constitutional validity of a duly enacted statute or ordinance. As you know, legislative enactments are presumptively valid, and even the judiciary will not rule upon the validity of a statute except in an adversary proceeding in which the constitutional question is properly presented and must be decided in order to determine the controversy. Thus, this office must presume the validity of the questioned statute unless and until a court of competent jurisdiction declares otherwise in a proper judicial forum.
Prepared by: Sid Johnston, Assistant Attorney General